## 31354. NORTHINGTON v. NORTHINGTON.

PER CURIAM.

This is an appeal by the former husband to a judgment entered in favor of the former wife in which he was found in contempt for arrearages on his child support obligation in the amount of $690, and on an indebtedness to Georgia Bank and Trust Company in the amount of $2,045. The judgment prescribed a method by which to purge himself.

The previous divorce decree incorporated an agreement which provided for child support, for conveyance by deed of the home to the wife, with wife to assume the deed to secure the debt on the property, and for him to "continue the monthly payments to Georgia Bank & Trust Company on the second deed to secure debt on said property, this indebtedness being secured by security deed dated December 7, 1972. . ." He later executed a new note to the bank. The December 7, 1972 security deed was held as collateral for the new note. Subsequently, the former wife desired to sell the house and was informed by the bank that other collateral would have to be substituted for the house. She gave the bank a certificate of deposit to be assigned and pledged against her former husband's indebtedness and the deed to secure the debt on the house was canceled.

The appellant contends that his obligation to pay the indebtedness secured by the deed to secure debt ended with the cancellation of the latter. We disagree. The obligation to pay the indebtedness under the terms of the decree remained.

The evidence supports the judgment of the trial court.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1976 — DECIDED SEPTEMBER 28, 1976.

*L. Z. Dozier,* for appellant.
*Adams, O'Neal, Hemingway, Kaplan, Stone & Brown, Randall C. Sorenson,* for appellee.